UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x

CHARLES CASTON,

                Plaintiff,

-against-

TOM UDALL; UPTON; VAN;
VELASQUEZ; VISCLOSKY;
WALDEN; WALSH; WAMP;
WASSERMAN; WATERS;
WATSON; WATT; WAXMAN;
WEINER; [ ] WELDON;
DAVE WELDON; J. WELLER;
WESTMORELAND; WEXLER;
WHITFIELD; WICKER;
HEATHER WILSON; JOE WILSON;
WOLF; WOOLSEY; WU; WYNN;
C.W. BILL YOUNG; DON YOUNG

                Defendants.
-------------------------------------------------------x

**MEMORANDUM AND ORDER**
06-CV-6613 (NG)

GERSHON, United States District Judge.

      Plaintiff, appearing *pro se,* brings this action alleging violations of his rights under the Fourth, Fifth, Sixth and Eighth Amendments to the Constitution.[1] The Court grants plaintiff's

---



[1] Plaintiff has filed ten previous cases with this Court. Caston v. Houston Police et al., 01-CV-2697 (SJ) (§1983 action dismissed *sua sponte*); Caston v. Kerik et al.,01-CV-2765 (SJ) (§1983 action dismissed *sua sponte*); Caston v. Spitzer et al., 01-CV-2811 (SJ) (§1983 action dismissed *sua sponte*); Caston v. Giuliani et al., 01-CV-2764 (SJ) (§1983 action dismissed *sua sponte*); Caston v. State of New York, 01-CV-2806 (SJ) (§1983 action dismissed *sua sponte*, plaintiff directed to show cause why he should not be barred from furture filings*)*; Caston v. Giuliani et al. 01-CV-2820 (SJ) (§1983 action dismissed *sua sponte*); Caston v. SSA, 01-CV-2882 (SJ) (action dismissed *sua sponte*); Caston v. Morgentha et al., 01-CV-2914 (SJ) (§1983 action dismissed *sua sponte*); Caston v. Dollar et al., 01-CV-2915 (SJ) (§1983 action dismissed *sua sponte*); Caston v. Curie et al, 01-CV-3041 (SJ) (§1983 action dismissed *sua sponte*); Caston v. Jones et al., 01-CV-3070 (SJ) (§1983 action dismissed *sua sponte*).

1

request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 solely for the purpose of this order, and dismisses the complaint for the reasons stated below.

## Standard of Review

Under 28 U.S.C. § 1915 (e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is deemed frivolous as a matter of law when, *inter alia*, it "lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint." Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998).

## Discussion

While the complaints of *pro se* litigants should be read liberally, they still "must contain specific facts supporting its conclusions." Alisaifullah v. Travis, 160 F.Supp.2d. 417, 420 (E.D.N.Y. 2001) (quoting Covington v. Coughlin, No. 93 Civ. 8372, 1994 WL 163692, at *1 (S.D.N.Y. April 28, 1994)). Here, plaintiff names twenty-nine Congresspersons as defendants. Plaintiff fails to make any allegations against any of these twenty-nine defendants. Plaintiff's complaint simply asserts that defendants have violated his constitutional rights.

Rule 8(a)(2) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Pleadings are to give "fair notice" of a claim and "the grounds upon which it rests" in order to enable the opposing party to answer and prepare for trial, and to identify the nature of the case. Dura Pharmaceuticals, Inc. v. Broudo, 544 U.S. 336, 347 (2005) (citation omitted); Swierkiewicz v. Sorema, N.A., 534 U.S. 506, 512 (2002); see also Wynder v. McMahon, 360 F.3d 73, 79 (2d Cir. 2004) (defining "fair

notice" as " 'that which will enable the adverse party to answer and prepare for trial, allow the application of res judicata, and identify the nature of the case so that it may be assigned the proper form of trial.' ") (quoting Simmons v. Abruzzo, 49 F.3d 83, 86 (2d Cir. 1995)).

When a complaint fails to comply with this rule, the district court may dismiss it *sua sponte*. Simmons, 49 F.3d at 86. Here, plaintiff's complaint falls far short of giving the fair notice of the claim as required under Rule 8(a)(2). Plaintiff fails to assert any legal basis or make any allegation of fact against any of the twenty-nine named Congresspersons. Moreover, to the extent that plaintiff seeks to bring suit against these defendants for their legislative activity, the Speech and Debate Clause of the United States Constitution, Art. I, § 6, cl. 1, renders members of Congress immune for legislative activity. Davis v. Passman, 442 U.S. 228 (1979).

## Conclusion

Plaintiff's repetitive filing of baseless complaints shall not be tolerated by this Court. If plaintiff had a claim that was inadequately or inartfully pleaded, the Court would ordinarily give plaintiff an opportunity to amend the complaint. See Cruz v. Gomez, 202 F.3d 593 (2d Cir. 2000). However, no opportunity need be afforded here where it is clear from the face of the complaint that the complaint is frivolous.

The Court cannot permit plaintiff to continue to file frivolous complaints which waste this Court's resources. Plaintiff once again demonstrates that neither his lack of success in filing these submissions nor the warning of this Court will deter him from filing frivolous and repetitive proceedings. See Hong Mai Sa v. Doe, 406 F.3d 155, 158 (2d Cir. 2005) ("[i]f a litigant has a history of filing vexatious, harassing or duplicative lawsuits, courts may impose sanctions, including restrictions on future access to the judicial system."); Lau v. Meddaugh, 229 F.3d 121, 123 (2d Cir. 2000) ("district courts have the power and the responsibility to protect the

public and the efficient administration of justice from individuals who have a history of litigation entailing vexation, harassment and needless expense to [other parties] and an unnecessary burden on the courts and their supporting personnel" (internal quotation and citation marks omitted)); see also Malley v. New York City Bd. of Educ., 112 F.3d 69 (2d Cir. 1997) (filing injunction may issue if numerous complaints filed are based on the same events).

Accordingly, the instant complaint is hereby dismissed as frivolous pursuant to 28 U.S.C. § 1915 (e)(B). The Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

NINA GERSHON
United States District Judge

Dated: Brooklyn, New York
~~2006~~
Jan. 12, 2007